JUSTICE LEAPHART
dissenting.
¶38 I dissent. The Court has glossed over the issue raised by the defendant in order to address an issue of its own making.
¶39 As the Court notes, the PSI contained recommendation No. 11 that “the Defendant shall pay a fine of $85.00 to the Community Service Program.” Stephenson objected to this fine, stating: “It’s not in the plea agreement. We’d object to that.” When the trial court imposed a suspended sentence along with the above condition, Stephenson moved to withdraw his plea “based on the fact of the imposition of the fine of $85 to the community service program.” The court, stating that it viewed the condition as a “surcharge fee,” denied the motion to withdraw the plea.
¶40 On appeal Stephenson raises one issue: “Did the district court err in not allowing the defendant to withdraw his guilty plea when the district court imposed a fine not included in the parties’ appropriate disposition plea agreement and the State did not support the plea agreement?” Stephenson’s prayer for relief states: “Stephenson would respectfully request this Court reverse and remand this case to the district court granting Mr. Stephenson the statutory and case law right to withdraw his guilty plea.”
¶41 From sentencing through appeal, Stephenson has consistently taken the position that since the District Court imposed a condition not contemplated by the plea agreement, the court should have advised him that it was rejecting the plea agreement and allowed him to withdraw his plea under § 46-12-211(2), MCA.
*72 ¶42 This Court appropriately concludes that the trial court did not reject the plea agreement and thus Stephenson is not entitled to withdraw his plea. Having so concluded, the only issue raised on appeal is resolved, and the judgment should be affirmed. The Court, however, goes on to address an issue not raised by Stephenson-i.e., whether, independently of a plea agreement, a sentencing court can, by way of a fine or a surcharge fee, direct that the defendant pay money to the community service program.
¶43 Although Stephenson does argue that since the plea agreement did not contemplate imposition of any fines, the court had no authority to simply recharacterize the PSI’s recommended $85 “fine” as a “surcharge fee,” he does not advance the broader argument that the court had no authority -under the rubric of either a fee or a fine to direct that the defendant pay money to the community service program.
¶44 Given that Stephenson did not raise this issue at sentencing or on appeal, I would simply conclude (as does the Court) that since the sentencing court did not reject the plea agreement, Stephenson is not entitled to withdraw his plea.
¶45 Finally, it should also be noted that the State, on appeal, filed a concession and waiver of the $85 fine. Thus, the Court’s insistence on addressing the legality of the fine is doubly gratuitous in that the issue was not raised by Stephenson and, to the extent it was relevant, was mooted by the State’s waiver.
JUSTICE RICE and JUSTICE MORRIS join in the dissent of JUSTICE LEAPHART.